UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| **POLYLAST SYSTEMS, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**HAYWARD BROS INC., LOUIE HAYWARD aka LOUIS HAYWARD, DEBORAH CORNELL aka DEBORAH HAYWARD, CAMELLIA BOUTIQUE, LLC, and ASHTIN BURKEY**<br><br>**Defendants.** | Civil Action No. 6:25-CV-040-H |

### DEFENDANTS' MOTION TO DISMISS FOR APPARENT LACK OF STANDING

Defendants Hayward Bros Inc. ("Hayward Bros"), Louie Hayward a/k/a Louis Hayward ("Hayward"), Deborah Cornell aka Deborah Hayward ("Cornell"), Camellia Boutique, LLC ("Camellia Boutique"), and Ashtin Burkey ("Burkey," and together with Hayward Bros, Hayward, Cornell, and Camellia Boutique, "Defendants") file this *Motion to Dismiss for Apparent Lack of Standing* (the "Motion").

### I.     INTRODUCTION

1.     This Motion to Dismiss arises from certain recently discovered information that strongly suggests Plaintiff Polylast Systems, LLC ("Polylast") lacks standing to bring the claims asserted in this action. Standing is a threshold requirement under Article III of the United States Constitution, and without it, this Court lacks subject-matter jurisdiction to hear this case.

2.     As set forth below, Defendants have recently learned that the ownership of the membership units of Polylast as well the purported patents which are foundational to this litigation,

is disputed, calling into question whether the named Plaintiff has the legal right to assert any legal claims, including claims for patent infringement.

## II.  FACTUAL BACKGROUND

3. Defendants recently learned from Mr. David Laurence ("D. Laurence"), the representative of the estate of Pete Laurence (who was the inventor of the Patents and the founder of Polylast), that the present ownership of Polylast and the Patents is disputed.

4. It has been alleged that the ownership of Polylast may never have been properly transferred to Freshtek, LLC ("Freshtek") or to any other entity owned or controlled by Mr. David Soto ("Soto"). Specifically, D. Lawrence maintains that he is the primary beneficiary of the estate of his father, Peter Laurence, and of the Peter Laurence Living Trust (the "Trust").[1] D. Laurence has apparently researched the alleged transaction which *presumably* resulted in the transfer of the ownership interests of Polylast from the Trust to Freshtek in September of 2024. D. Laurence has raised the following points of fact and corresponding questions and issues though an October 29, 2025, letter delivered to Plaintiff's counsel, Ms. Taylor Lemick, a true and correct copy of which is attached hereto marked Exhibit "A-1" and incorporated fully herein:

   a. D. Laurence is the primary beneficiary of the Trust and the estate of Peter Laurence.

   b. The Trust is the record owner of 100% of all of the membership units of Polylast.

   c. The Trust was/is the current owner of the patents that are the subject of this Lawsuit.

   d. There is no record of a sale or transfer of any Polylast membership units from the Trust to any person or entity prior to or following the death of Peter Laurence.

   e. There is no record of any consideration being paid to the Trust for the alleged transfer of the Polylast membership units to any person or entity.

---

[1] Peter Laurence passed away on February 10, 2025.

    f.    There has never been any authorization given by the Trust or any Trustee or successor Trustee to file the current litigation or pursue any claims against all or any of the Defendants.

    g.    The purported purchase agreement between the Trust and Freshtek has never been located by the Trustee of the Trust or the Trust's legal counsel or Peter Laurence's former business attorney.

    h.    The purported purchase agreement between the Trust and Freshtek is absent from the records of the bankruptcy trustee, who should have been authorized to approve (or disapprove) the purported purchase agreement[2];

    i.    There is no purchase agreement evidenced in any public filings (including any change of Membership or assumption of Statutory Agent).

5.    D. Laurence's claims, if true, call into serious question the legal right and authority for the current Plaintiff to maintain the current action against Defendants.

6.    Following receipt of D. Laurence's October 29, 2025, letter to Taylor Lemick, counsel for Defendants immediately sent an e-mail to Ms. Lemick seeking clarification and documentation of the questions raised by D. Laurence. Ms. Lemick never responded to this email. Accordingly, the undersigned sent a second email to Ms. Lemick on November 6, 2025, again requesting her to respond and provide clarity to the accusations and claims asserted by D. Laurence. Counsel for Defendants also indicated that failing a substantive response, it would be necessary to seek relief from this Court. True and correct copies of the October 29, 2025, and November 6, 2025 e-mail inquiries to Taylor Lemick are collectively attached hereto marked

---

[2] Polylast System's LLC filed for bankruptcy in December of 2019; Case No. 2:19-BK-15557.

DEFENDANTS' MOTION TO DISMISS
FOR APPARENT LACK OF STANDING      Page 3 of 7

Exhibit "A-2" and incorporated fully herein. Ms. Lemick continues to refuse to respond or provide any documentation or information that would refute (or confirm) D. Laurence's claims.

7. D. Laurence has also requested the right to file an Amicus Curie brief with this Court in an effort to force clarification of these important issues. Under the circumstances, D. Laurence's request would appear to be justified and counsel for Defendants does not oppose it.

8. The information and claims recently asserted by D. Laurence were not available to Defendants at the time of filing previous responsive pleadings, including the Third Motion to Dismiss, which remains pending before this Court.

9. Defendants are raising this issue promptly after becoming aware of the ownership dispute and seek appropriate clarity and relief from this Court.

### III.   ARGUMENT

**A.   Standing is a Threshold Constitutional Requirement**

10. Article III of the United States Constitution limits federal court jurisdiction to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. This constitutional requirement mandates that a plaintiff must have standing to bring a lawsuit in federal court.

11. Standing is a threshold jurisdictional issue that can be raised at any time during litigation. *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022).

12. If the Court determines at any time that it lacks subject-matter jurisdiction due to a plaintiff's lack of standing, the Court must dismiss the action. *Id.*

13. If those behind this lawsuit do not have the authority to take action on behalf of Polylast and never obtained the Patents, then Plaintiff would lack standing.

### B. Patent Ownership is Essential for Standing in Patent Infringement Cases

13. Under federal patent law, only a "patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. This means that only the owner of a patent or an exclusive licensee with all substantial rights in the patent has standing to bring an infringement action.

14. When ownership of a patent is disputed, as it is here, the plaintiff's standing to bring an infringement action is called into question.

15. The information provided by Dave Laurence raises significant concerns about whether Dave Soto and Taylor Lemick have any authority to act on behalf of Polylast, and consequently, whether Polylast has standing to bring this action.

### C. This Standing Issue is Distinct from Previously Raised Issues

16. This standing challenge is completely independent of the standing issues raised in Defendants' Third Motion to Dismiss, which remains pending before this Court.

17. Defendants did not receive information about this ownership concern until after the Third Motion to Dismiss was filed, and are now bringing this issue to the Court's attention as it calls into question whether Plaintiff has any authority or standing whatsoever and the issue remains unresolved.

### IV. CONCLUSION

18. Based on the recently discovered information regarding the disputed ownership of Polylast and the Patents, there are significant concerns about whether Plaintiff has standing to bring this action.

19.  As standing is a threshold jurisdictional requirement under Article III, and can be raised at any time during litigation, Defendants respectfully request that the Court address this issue before proceeding further with this case.

WHEREFORE, Defendants respectfully request that this Court:

1. Dismiss this action for lack of subject-matter jurisdiction due to Plaintiff's apparent lack of standing;

2. In the alternative, order Plaintiff to produce documentation establishing its ownership of the patents at issue and their standing to bring this action; or

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FERGUSON BRASWELL FRASER KUBASTA PC**

*/s/ John D. Fraser*
John D. Fraser
State Bar No. 07393550
Ryan D. Marrone
State Bar No. 24094567
Emma Creedon
State Bar No. 24143974
Kelly J. Kubasta
State Bar No. 24002430

2500 Dallas Parkway, Suite 600
Plano, Texas 75093
Phone: 972-378-9111
Facsimile: 972-378-9115
E-Mail: jfraser@fbfk.law
E-Mail: rmarrone@fbfk.law
E-Mail: ecreedon@fbfk.law
E-Mail: kkubasta@fbfk.law
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing motion was served on all parties and/or counsel of record in accordance with the Federal Rules of Civil Procedure on November 10, 2025.

*/s/ John D. Fraser*
John D. Fraser