UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| POLYLAST SYSTEMS, LLC, <br><br>    Plaintiff, <br><br> v. <br><br> LOUIE HAYWARD, et al., <br><br>    Defendants. | No. 6:25-CV-040-H |

### **ORDER**

Before the Court is the defendants' fourth motion to dismiss (Dkt. No. 79). The Local Civil Rules do not permit the filing of a supplemental motion to dismiss, and the third motion to dismiss is still active (*see* Dkt. No. 63). The Court therefore construes the fourth motion as a sur-reply and permits its submission. *See Ga. Firefighters' Pension Fund v. Anadarko Petrol. Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) ("[T]he decision to allow a sur-reply lies within the district court's discretion.").

The sur-reply alleges that Polylast is not who it claims to be. It alleges that the opposing counsel's client is David Soto, that Soto does not own any membership interest in Polylast, and that Soto lacks the capacity or authority to sue in Polylast's name. Dkt. No. 79. The sur-reply includes a cease-and-desist letter from David Laurence, who says that Polylast's membership solely belongs to his late father's living trust. Dkt. No. 79-1 at 8–9. In the letter, Laurence seeks leave to file an amicus curiae brief. *Id.* at 9.

The Court notes that questions of a party's capacity to sue, authority to sue in a representative capacity, and legal existence are all independent questions. *See* Fed. R. Civ. P. 9(a)(1)(A)–(C); *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 382–85 (2d Cir. 2021) (discussing distinctions). The question of whether a party exists is self-

explanatory. Meanwhile, "capacity to sue . . . is the right to come into court," and "standing to sue . . . is the right to relief in court." *Jo Redland Tr., U.A.D. 4-6-05 v. CIT Bank, N.A.*, 92 Cal. App. 5th 142, 155 (Cal. Ct. App. 2023) (quotation and emphasis omitted); *see also* Fed. Rs. Civ. P. 17 (capacity to sue); 21 ("the court may at any time, on just terms, add or drop a party").

At the motion-to-dismiss stage, the Court's scope of review is necessarily limited. However, the allegations here are severe and require a response. Therefore, the plaintiff is directed to file a brief on or before November 24, 2025 addressing whether (1) the plaintiff is, in fact, Polylast Systems, LLC; (2) if not, whether the plaintiff has capacity to sue or authorization to sue under Polylast's name; and (3) if not, whether the plaintiff nonetheless has standing to sue under Soto's name or another name. *See Fund Liquidation Holdings*, 991 F.3d at 386–92 (assignee had standing to sue even though defunct assignors did not); *see also Majestic Synthetic Oil, LLC v. Certain Underwriters at Lloyd's, London*, No. 4:19-CV-3149, 2025 WL 1994776, at *2 (S.D. Tex. July 17, 2025) (holding that errant caption did not require dismissal of the case). The Court will determine whether a hearing is necessary after it reviews the plaintiff's response to the sur-reply.

The Court denies David Laurence's request to file a brief as amicus curiae (Dkt. No. 79-1 at 9) without prejudice. If Laurence wishes to be heard, he must file a separate motion for leave to file an amicus brief alongside the amicus brief, which must set forth his specific interest in the outcome of this litigation. *See* Loc. Civ. R. 7.2(b).

So ordered on November 17, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE