UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| **POLYLAST SYSTEMS, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**HAYWARD BROS INC., LOUIE HAYWARD aka LOUIS HAYWARD, DEBORAH CORNELL aka DEBORAH HAYWARD, CAMELLIA BOUTIQUE, LLC, and ASHTIN BURKEY**<br><br>**Defendants.** | Civil Action No. 6:25-CV-040-H |

**PLAINTIFF'S CORRECTED REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO JOIN KING COAST INC. AS A PARTY PLAINTIFF AND FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS, AND BRIEF IN SUPPORT**

TO: THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Polylast Systems, LLC ("Polylast"), through undersigned counsel, and respectfully submits this Corrected[1] Reply in Support of its Motion for Leave to Join King Coast Inc. ("King Coast") as a Party Plaintiff and for Extension of Time to Respond to Defendants' Motion to Dismiss. (Dkt. No. 70). In further support thereof, Polylast states as follows:

*Preliminary Note on Scope of Reply:* On October 24, 2025, the Court denied the portion of Polylast's motion seeking an extension of time to respond to Defendants' Motion to Dismiss (Dkt. No. 74). This Reply therefore does not address Polylast's previously denied request for an extension, which is now moot. Accordingly, this Reply addresses only the remaining issue—Polylast's request for leave to join King Coast Inc. as a co-plaintiff.

---

[1] Plaintiff files this Corrected Reply to make minor clerical and formatting corrections. No substantive changes have been made.

1

# I. INTRODUCTION

This action arises from Defendants' ongoing misuse of Polylast Systems, LLC's proprietary flooring technologies and related misconduct, including patent infringement, trade secret misappropriation, and contract/tort violations. The patents-in-suit are U.S. Patent No. 10,309,070 and U.S. Patent No. 9,982,143 (the "Patents-in-Suit"). King Coast Inc. is the record owner of the Patents-in-Suit.

Polylast filed this case on January 31, 2025. The Court entered a Scheduling Order (Dkt. No. 45) setting claim construction and trial deadlines. On September 9, 2025, Polylast filed its Amended Complaint (Dkt. No. 56), which alleges, among other things, willful infringement of the Patents-in-Suit, misappropriation of trade secrets, breach of contract, conversion, and related business torts. On September 23, 2025, Defendants moved to dismiss (Dkt. No. 63), arguing, inter alia, that Polylast purportedly lacks standing to assert the patent claims because Polylast is a licensee rather than the patent owner.

Polylast's license grants it substantial rights in the Patents-in-Suit, including the right and obligation to enforce. Nevertheless—and to eliminate any threshold dispute and ensure this case proceeds on the merits—Polylast seeks leave to join King Coast as a co-plaintiff and to file a Second Amended Complaint reflecting that joinder. King Coast consents to being joined and to adopting the operative pleadings and disclosures so that no deadlines are impacted.

Joinder will not expand the scope of the case, change the operative facts, or require modification of the Scheduling Order. The claims, accused products, parties' discovery to date, and upcoming claim construction schedule remain the same. Joinder simply aligns the caption

with the underlying patent ownership and removes Defendants' standing objection, promoting efficiency and conserving judicial resources.

## II. LEGAL STANDARD

Polylast incorporates by reference the legal standards set forth in its opening motion (Dkt. No. 70), which explain that amendment and joinder are freely permitted under Fed. R. Civ. P. 15 and 20 where, as here, they promote resolution on the merits and cause no prejudice or delay. This Reply focuses on Defendants' specific objections and misstatements of both fact and law.

## III. ARGUMENT FOR JOINDER OF PARTY PLAINTIFF

**A. Joinder of King Coast Is Procedurally Proper and Routine Under Rule 15 and Rule 20**

Polylast's request to join King Coast Inc. is both procedurally proper and substantively warranted under Federal Rules of Civil Procedure 15 and 20. The Federal Circuit and district courts consistently hold that when an exclusive licensee brings suit without initially naming the patent owner, the proper remedy is to permit joinder—not dismissal. See *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1131 (Fed. Cir. 1995); *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1322 (Fed. Cir. 2009).

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Courts apply this standard with "a strong presumption in favor of amendment," particularly where amendment will facilitate resolution of claims on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Rule 20(a)(1) similarly authorizes permissive joinder where the right to relief arises out of the same transaction or occurrence and presents common questions of law or fact—precisely the case here.

King Coast is the patent owner and the licensor of Polylast's exclusive enforcement rights. Its interests are entirely aligned with Polylast's. Joinder will not introduce new claims, parties, or legal theories; it will merely formalize the ownership relationship that already underpins the existing pleadings. Courts in the Fifth Circuit routinely permit such joinder to cure alleged standing defects at the early stages of litigation. See, e.g., *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235–37 (Fed. Cir. 2019) (holding that even where a party lacks "all substantial rights," the proper remedy is to allow joinder of the patentee under Rule 19, not dismissal).

Nor does timing bar amendment. The case remains in the claim-construction phase, and no depositions or dispositive motions have occurred. King Coast's joinder will not affect any deadlines or the scope of discovery. The Scheduling Order (Dkt. No. 45) remains fully intact. The addition of King Coast therefore promotes judicial efficiency, avoids duplicative filings, and ensures that the litigation proceeds on the merits rather than on a procedural technicality.

Defendants' attempt to block joinder serves no legitimate purpose. They cannot claim surprise: King Coast's ownership of the Patents-in-Suit has been a matter of public record with the USPTO since before this case was filed. Defendants themselves raised the issue of patent ownership in their motion to dismiss; they cannot now feign prejudice when Polylast moves promptly to resolve that very issue in the most efficient manner.

In short, Rule 15 and Rule 20 both compel the same result—leave should be granted. Joinder of King Coast ensures the real party in interest is before the Court and eliminates any doubt regarding standing, all without causing delay, prejudice, or burden.

**B. Defendants Will Suffer No Prejudice from Joinder**

Defendants cannot show any prejudice resulting from the joinder of King Coast Inc. The proposed amendment does not alter the factual or legal basis of the existing claims, does not add new causes of action, and does not affect the current scheduling deadlines. All operative facts, discovery, and claim construction issues remain identical to those already before the Court.

The Fifth Circuit and Federal Circuit alike have recognized that amendment to add the patent owner at this stage of litigation causes no prejudice where, as here, discovery is ongoing and trial preparation has not yet begun. King Coast's participation will neither delay proceedings nor expand the scope of discovery. To the contrary, its joinder ensures that any threshold standing issue is fully resolved now—before claim construction and dispositive motions—so that the parties and the Court can proceed efficiently to the merits. Joinder avoids the unnecessary delay, cost, and duplication that would result from forcing a separate, later-filed action by the patent owner covering the same patents, products, and issues.

Further, Defendants have long been aware of King Coast's role. The patent assignments are public records available through the USPTO, and Defendants themselves raised King Coast's ownership in their motion to dismiss. Having invited this issue, Defendants cannot now claim unfair surprise or prejudice when Polylast seeks to resolve it in the most straightforward and efficient way possible.

Courts regularly permit amendment under these circumstances, emphasizing that the liberal amendment policy of Rule 15 is designed precisely to avoid the kind of procedural gamesmanship Defendants are attempting here. See *Foman*, 371 U.S. at 182 ("In the absence of any apparent or declared reason… the leave sought should, as the rules require, be 'freely given.'"); *Waite v. UMG Recordings, Inc.*, 477 F. Supp. 3d 265, 279–80 (S.D.N.Y. 2020) (granting joinder of additional plaintiffs where joinder did not expand claims and required only

limited additional discovery); *Southeastern Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 335 F.R.D. 54, 77–78 (M.D. Pa. 2020) (leave to amend and add parties should be "freely given" absent undue delay, bad faith, futility, or prejudice). The requested joinder simply ensures the real party in interest is present, which benefits both judicial economy and fairness.

### C. Defendants' Opposition Misstates the Record and Misuses the Standing Doctrine

Defendants' opposition mischaracterizes both the procedural history and the governing law. Their filing conflates prudential and constitutional standing, incorrectly asserting that Polylast's exclusive license renders it a "stranger" to the Patents-in-Suit. That is not the law.

The Federal Circuit has long recognized that a licensee possessing substantial rights in a patent—such as the right to make, use, sell, and enforce—has standing to sue, either alone or jointly with the patent owner. See *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1360–61 (Fed. Cir. 2010); *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010). Here, Polylast's license expressly grants it the exclusive right to enforce the Patents-in-Suit within its commercial field—precisely the type of arrangement the Federal Circuit has deemed sufficient for standing.

Defendants' argument that Polylast somehow "concealed" King Coast's ownership is unfounded. The patents' chain of title is publicly recorded with the U.S. Patent and Trademark Office and was well known to Defendants before suit. Indeed, Defendants themselves cited that ownership in their Motion to Dismiss. Polylast's motion for joinder was filed promptly after Defendants first raised the issue—further demonstrating good faith and diligence.

In contrast, Defendants' opposition continues their pattern of procedural obstruction: they have ignored meet-and-confer obligations and have repeatedly missed deadlines under the Local

Patent Rules. Their newfound concern for "standing" is transparently tactical—a bid to derail the case rather than address the merits.

The Court should reject this gamesmanship. The Federal Circuit's guidance is clear: when a standing question arises that can be cured by joinder, the cure—not dismissal—is the proper course. See *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (holding that standing defects can be cured by joinder of the patent owner). That is exactly what Polylast seeks here. Moreover, whether a party possesses "all substantial rights" is a prudential, Rule 19 issue—not an Article III constitutional defect—and the proper remedy is joinder of the patent owner. See *Lone Star*, 925 F.3d at 1235–36.

**D. Joinder Promotes Judicial Economy and Prevents Duplicative Litigation**

Granting leave to join King Coast advances judicial economy and aligns with the strong federal policy favoring resolution of disputes on their merits. Joinder ensures that all parties with an interest in the Patents-in-Suit are before the Court in a single proceeding, eliminating any risk of parallel or duplicative actions.

If joinder were denied, King Coast would be forced to file a separate action asserting the same patents, involving the same accused products and factual allegations. That result would waste judicial and party resources, require duplicative discovery, and potentially create inconsistent rulings on identical issues. Courts have repeatedly recognized that Rule 15 and Rule 20 are designed to avoid precisely this inefficiency. See, e.g., *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1384 (Fed. Cir. 2010) (noting that joinder of a patent owner avoids the needless multiplicity of suits).

Moreover, because King Coast consents to joinder and adopts the existing pleadings, no delay or procedural disruption will result. The claim-construction schedule, discovery deadlines,

and trial date can remain intact. Polylast and King Coast are fully aligned in interest, and King Coast's addition will simply formalize an existing relationship rather than introduce new disputes or claims.

Permitting joinder now ensures that the case proceeds on the merits without unnecessary procedural detours. Denying joinder, in contrast, would reward Defendants' procedural gamesmanship and encourage continued motion practice over curable formalities. The more efficient, equitable, and jurisprudentially sound course is to grant the motion and allow King Coast to appear as a named plaintiff so that all substantive issues can be adjudicated together.

To the extent Defendants invoke Rule 19 or Rule 19(c), that argument is misplaced. Rule 19 requires dismissal only when a necessary party cannot be joined. Here, King Coast consents to joinder, so Rule 19 is satisfied and dismissal is unwarranted. Rule 19(c) merely requires a pleading to identify reasons for nonjoinder when a required party cannot be joined—not when, as here, the party is fully willing to join and the plaintiff has already moved to include it. Polylast did not omit King Coast for any improper purpose; it filed suit as the licensee with substantial rights and promptly moved to cure any arguable defect once Defendants raised the issue. Courts consistently hold that such prompt joinder satisfies Rule 19 and eliminates any procedural concern. See *Schreiber Foods*, 402 F.3d at 1203 (standing defect cured by joinder of the patent owner).

This approach aligns with decisions such as *IRIS Corp. Berhad v. United States*, 82 Fed. Cl. 488, 493–94 (2008), where the court held that joinder of a patent licensee was "needed for just adjudication" under Rule 19(a). The court explained that even without formal transfer of title, a patentee's conveyance of all substantial rights effectively made the licensee a real party in interest, and that joinder—rather than dismissal—was the proper remedy to ensure complete

8

adjudication and prevent multiple suits. The same rationale applies here: King Coast's participation will protect all parties' interests and prevent duplicative litigation without prejudice or delay.

### E. Defendants' Reliance On Morrow Is Misplaced; Joinder Of King Coast Fully Resolves Any Standing Concern

Defendants' reliance on *Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007), is misplaced. Morrow involved a liquidating trust that possessed no exclusionary rights under the patent and attempted to proceed with an infringement suit without the participation or consent of the patent owner. The Federal Circuit held that because the trust lacked any exclusionary rights and the owner was not joined, the trust lacked constitutional standing. *Id.* at 1342–43. In so holding, Morrow reaffirmed that parties that hold the exclusionary rights under the patent statutes can only enforce those rights through or in the name of the owner of the patent, and that joinder of the patent owner satisfies prudential concerns to allow the case to proceed. *Id.* at 1340. In fact, Morrow states that the important factor to consider is that the licensee be able to prevent others from practicing the invention.

Unlike in Morrow, Polylast (per the terms of the licensing agreement) has the right, as well as the obligation, to bring suit against those infringing on the inventions. Also, Polylast's motion does not attempt to cure a jurisdictional defect after judgment, but rather to perfect the caption consistent with long-standing precedent permitting and encouraging joinder of patent owners and licensees in a single enforcement action.

Moreover, the License Agreement between Polylast and King Coast expressly contemplates this very situation. Section 9.2 provides that Polylast "shall diligently pursue, control, and maintain all actions for infringement as though Licensee were the owner," and that

King Coast "shall, at Licensee's request, join as a party-plaintiff in any such action to confer standing." (Dkt. No. 57 § 9.2). Unlike in Morrow, where the licensee attempted to proceed without the patent owner, Polylast's enforcement obligations and King Coast's corresponding duty to join demonstrate that both entities understood that enforcement would occur jointly when required. Joinder of King Coast therefore does not seek to create standing retroactively, but rather implements the parties' pre-existing contractual framework designed to ensure full participation of the patent owner and avoid any Morrow-type defect.

### F. Rule 19 Further Supports Joinder To Ensure Complete Relief And Avoid Multiple Suits

Even apart from standing, Federal Rule of Civil Procedure 19(a) mandates joinder of the patent owner where, as here, its participation is necessary for complete relief and to protect the interests of both parties and defendants. Rule 19(a)(1) provides that a person "must be joined as a party" if, in that person's absence, "the court cannot accord complete relief among existing parties," or if the person "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may impair or impede the person's ability to protect the interest."

King Coast plainly meets both criteria. As the patent owner of record, it has a direct ownership interest in the patents-in-suit, and its joinder ensures that all rights and obligations are adjudicated in a single action. Polylast's and King Coast's interests are aligned—both seek to enforce and protect the same patents against the same infringers. Defendants, in turn, will suffer no prejudice from joinder; to the contrary, it eliminates any potential for multiple suits or inconsistent obligations. Courts regularly grant joinder under materially similar circumstances to ensure that the patent owner and licensee proceed together and that all issues of ownership,

validity, and infringement are resolved in one proceeding. See, e.g., *IRIS Corp.*, 82 Fed. Cl. at 492–93 (joinder of patent licensee needed for just adjudication to prevent multiple suits and ensure both owner and licensee's interests were represented).

Rule 19 further confirms that joinder is the proper path to ensure complete relief and to avoid exposing Defendants to multiple suits involving the same patents and accused products. See *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (patent owner is a necessary party where its absence risks incomplete relief or inconsistent obligations). The Federal Circuit has likewise made clear that when the patent owner can be joined, joinder—not dismissal—is the correct remedy. *Lone Star*, 925 F.3d at 1235–37.

Here, joinder of King Coast promotes judicial economy, resolves Defendants' standing objection, and protects the interests of all parties without affecting the scheduling order, scope of claims, or discovery. Accordingly, the Court should grant leave to join King Coast Inc. as a co-plaintiff.

### IV. CONCLUSION

For the reasons set forth above and in Polylast's opening motion, joinder of King Coast Inc. as a co-plaintiff is both procedurally proper and substantively necessary to ensure that all parties with an interest in the patents-in-suit are before the Court.

Joinder will not alter the claims, expand discovery, or affect the schedule. It will simply resolve Defendants' standing objection and allow this litigation to proceed efficiently on the merits.

Defendants' opposition does not cite a single controlling authority supporting denial of joinder, nor does it identify any specific prejudice, delay, or procedural harm that would result. Its arguments are conclusory and legally unsupported. In contrast, Federal Circuit precedent

uniformly holds that when an exclusive licensee and patent owner appear together, any prudential standing concern is fully cured. See *Schreiber Foods*, 402 F.3d at 1203.

    In sum, Defendants' opposition offers no substantive reason to deny joinder. Their arguments rest on mischaracterizations of the law and record and serve only to delay resolution on the merits. The Federal Rules and controlling precedent make clear that amendment and joinder under Rules 15 and 20 are the proper, equitable means to ensure that all parties in interest are before the Court. Because Polylast has acted diligently, King Coast consents to joinder, and no prejudice or delay will result, Defendants' procedural objections should be overruled and the Motion granted in full.

    WHEREFORE, Plaintiff Polylast Systems, LLC respectfully requests that the Court grant its Motion for Leave to Join King Coast Inc. as a Party Plaintiff, permit filing of the proposed Second Amended Complaint, and grant such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    LEMICK LAW, LTD.
    2460 Dundee Rd., Suite 474
    Northbrook, IL 60065
    847/409-3988
    tlemick@lemicklaw.com

    By: __/s/ Taylor Lemick_____
    Taylor Lemick
    State Bar No. 6327224
    With local counsel:
    Gossett, Harrison, Millican & Stipanovic, P.C.
    Paul D. Stipanovic
    State Bar No. 00795669

    COUNSEL FOR PLAINTIFF, POLYLAST
    SYSTEMS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of November, 2025 a true and correct copy of the above and foregoing was filed with the Court via its ECF System, which will send notification of such filing to all counsel of record who have appeared in this action.

                                        \s\ Taylor Lemick
                                            Taylor Lemick