UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

POLYLAST SYSTEMS, LLC,

     Plaintiff,

v.

     No. 6:25-CV-040-H

LOUIE HAYWARD, et al.,

     Defendants.

## ORDER

Before the Court are two motions: David Laurence's pro se motion for leave to file an amicus brief, with attached amicus brief (Dkt. No. 84), and Polylast Systems, LLC's motion to strike the motion and amicus brief (Dkt. No. 85).

In November, the defendants filed a sur-reply alleging that the plaintiff was misrepresenting its identity and lacked authority to sue. Dkt. No. 79. The sur-reply attached a cease-and-desist letter from Laurence, which in turn requested leave to file an amicus curiae brief. *See* Dkt. No. 79-1. The Court ordered Polylast to respond to the allegations in the interest of candor. Dkt. No. 81 at 2. The Court notified Laurence that, if he wished to submit an amicus brief, he first had to move for leave of the Court. *See id.*

Laurence has now moved for leave to file with a document that contains numerous accusations against the plaintiff and plaintiff's counsel. Dkt. No. 84. Motions for leave to file amicus briefs are filed onto the docket as a matter of course, and Laurence's motion is not "without authorization." Dkt. No. 85 at 24. However, neither has the Court granted leave. Polylast has denied the accusations in the defendants' sur-reply (Dkt. No. 83), and the Court requires nothing further. The Court cannot consider Laurence's list of factual allegations, consistent with the Rules of Evidence. Fed. R. Evid. 201; *Poullard v. City of*

*Baton Rouge*, Civ. Action No. 24-394, 2025 WL 1908056, at *3 (M.D. La. July 10, 2025) (explaining that, absent judicial notice under Rule 201, evidence outside the motion must be central to the complaint and referenced therein). Therefore, the Court denies Laurence's motion (Dkt. No. 84).

Because of the sensitive nature of Laurence's factual allegations, the Court exercises its inherent authority over the docket, grants Polylast's motion (Dkt. No. 85), and orders the Clerk of the Court to remove the document from the case's docket. The defendants may, of course, continue to raise such allegations or evidence as they believe appropriate in the course of this litigation, but the Court will not permit a non-party to inject his own factual allegations into the record.[1]

So ordered on December 8, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[1] Polylast also alleges that the motion to file an amicus brief "constitutes an improper ex parte communication with the Court." Dkt. No. 85 at 24. It is possible counsel believes the communication was ex parte because the package containing Laurence's motion was labeled for this Court, rather than the Clerk of the Court. *See* Dkt. No. 84 at 15–16. However, the package was delivered to the Clerk of the Court and was not received in chambers.