**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **POLYLAST SYSTEMS, LLC** | ' | Civil Action No. 6:25-cv-00040-H |
| **Plaintiff,** | ' | |
| | ' | |
| **v.** | ' | |
| | ' | |
| **HAYWARD BROS INC., LOUIE** | ' | |
| **HAYWARD aka LOUIS HAYWARD,** | ' | |
| **DEBORAH CORNELL aka DEBORAH** | ' | |
| **HAYWARD, CAMELLIA BOUTIQUE,** | ' | |
| **LLC, and ASHTIN BURKEY** | ' | |
| **Defendants.** | ' | |

## LOCAL COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE

Paul D. Stipanovic, local counsel for Plaintiff, Polylast Systems, LLC (Polylast), files this Response to the Order to Show Cause (Dkt. 95) and will show the Court as follows:

### I.  Retention as Local Counsel.

Around the middle of May, 2025, Ms. Taylor Lemick contacted me via telephone to introduce herself and inquire about my availability to serve as "local counsel" so she could satisfy the Court's Local Rules.  We did not discuss the disputed issues because I had not completed a conflict check.  However, we did discuss that I would not be able to assist in the pre-trial work, an arrangement that was acceptable to Ms. Lemick.

Prior to the telephone call from Ms. Lemick, I had no knowledge of or relationship with the Plaintiff, the Defendants, or the various attorneys that have appeared in this Case.  To this date, I have neither met Ms. Lemick's client nor spoken with her client.  Although Ms. Lemick has

1

agreed to pay me my hourly rate for time actually spent at her direction, I do not have any financial interest in the outcome of the lawsuit.

## II.  Local Counsel Duties.

I agreed to serve as local counsel with the knowledge of the Court's requirements for local counsel as stated in the Court's Local Rule 83.10.  The Court's Local Rule requires that I am "authorized to present and argue a party's position at any hearing called by the presiding judge. Local counsel must also be able to perform, on behalf of the party represented, any other duty required by the presiding judge or the local rules of this court."  United States District Court, Northern District of Texas Local Rule 83.10

Because of my limited role as Local Counsel in the lawsuit, I did not review any pleadings, motions, court filings or Ms. Lemick's representations to the Court after she was admitted to practice before this Court (Dkt. 42) on July 2, 2025.  As a result, I did not have any knowledge of and had no reason to dispute or correct, Plaintiff's pleadings, motions, court filings or representations.

## III.  Local Counsel Activity.

My Firm has invoiced Ms. Lemick's Firm less than <u>one</u> hour for the time I have spent on this Lawsuit.  With the exception of me or my staff downloading the various Court filings in this Lawsuit, the last time I took any action with respect to this lawsuit occurred on June 4, 2025, more than <u>one</u> year ago.  To the best of my memory, between June, 2025 and the date of the Court's Order to Show Cause, I did not speak with, send an email to, or send any correspondence to Ms. Lemick or any other attorney related to this Lawsuit.  Even though I or my staff downloaded many of the Court filings, I did not review them.  The only reason to download the Court filings received was to maintain ease of access should Ms. Lemick contact me about a Court filing or pending

issue, which never occurred.

Furthermore, because I did not have a relationship with the Plaintiff prior to May, 2025 and because I did not review the Plaintiff's filings, I have not read the parties' nondisclosure agreement (NDA). Prior to reading the Court's Order to Show Cause (Dkt. 95), I did not know the parties had entered into the NDA. Therefore, I did not have knowledge of any difference between the Plaintiff's claims regarding the NDA and the contents of the NDA.

Similarly, I did not know who owned the Patents which are the subject matter of this Lawsuit, and I was not aware of any licensing agreement by and between Plaintiff and King Coast, Inc. prior to reading the Court's Order to Show Cause. I do not recall discussing a licensing agreement with Ms. Lemick in June of 2025 or at any other time.

I have not read Plaintiff's Amended Complaint (Dkt. 56), and I did not discuss its contents with Ms. Lemick or anyone else prior to receiving the Court's Order to Show Cause. Likewise, I have not read the Parties Joint Status Report (Dkt. 44), and I did not discuss its contents with Ms. Lemick or anyone else.

In summary, my agreement with Ms. Lemick thus far is to have a very limited role in the Lawsuit. As a result, Ms. Lemick did not provide me with Plaintiff's Court filings prior to her filing them, I did not review Plaintiff's Court filings after they were filed, and I did not discuss Plaintiff's Court filings with Ms. Lemick or opposing counsel prior to the Court's Order to Show Cause. Had I been required to devote such time to this Lawsuit, I would have declined Ms. Lemick's request to serve as local counsel.

IV. Rule 11(b) Requirements.

Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney certifies a pleading, written motion or other paper by "signing, filing, submitting or later advocating it . . . ."

3

Based on my review of the Court's Docket Sheet[1] for this Case and after diligent inquiry of my staff, the other attorneys at my Firm and Ms. Lemick, I did not discover any pleading, written motion or other paper that I or my Firm signed, filed or submitted to the Court in this Lawsuit, with the exception of the Request for Notices and Notice of Appearance as local counsel (Dkt. 34). Furthermore, I never advocated a position on Plaintiff's behalf to either the Court or Defendant's counsel.

## V.  History with Court.

Since being admitted to practice before the Court almost 30 years ago, I have enjoyed a good relationship with the Court including the time spent as a briefing attorney for the Honorable Sam R. Cummings, as an attorney ad litem appointed by the Court, serving on various committees at the Court's request and as local counsel for many litigates before this Court.  I have also served as a member of the Texas State Bar District 15 Grievance Committee and as the Committee Chair of the Texas State Bar District 15 Grievance Committee.  As part of my busy law practice, I have represented numerous clients in various types of litigation and have remained in good standing with this Court and with the State Bar of Texas at all times.  As a matter of professional pride, I strive to avoid objectionable conduct and do not take my obligations as a licensed attorney lightly when dealing with a court, other attorneys, clients or adverse parties.

## VI.  No Sanction.

If the Court finds that sanctionable activity has occurred, such sanctions should not be directed at me because I did not participate in or have knowledge of any of the objectionable conduct identified in the Court's Order.  Furthermore, sanctions against local counsel who have

---

[1] While the Court's Docket Sheet mistakenly lists Paul D. Stipanovic at "lead counsel", the Court's Show Cause Order properly states that I am Plaintiff's "local counsel."

limited role in the client's representation will only serve to deter attorneys from agreeing to serve as local counsel, making it more difficult for litigants to comply with the Court's local counsel requirements in rural areas, such as the Court's San Angelo Division.

In the event that I have neglected to address a matter of concern to the Court, I respectfully request the opportunity to promptly respond once it is brought to my attention.

> Respectfully submitted,
> **GOSSETT, HARRISON,**
> **MILLICAN & STIPANOVIC, P.C.**
> P.O. Drawer 911
> San Angelo, TX  76902
> 325/653-3291/Telecopier No. 325/655-6838
> pauls@ghtxlaw.com
>
> By:  \s\  Paul D. Stipanovic
> **Paul D. Stipanovic**
> State Bar No. 00795669
> **ATTORNEYS POLYLAST SYSTEMS, LLC**

## DECLARATION

I declare under penalty of perjury that the foregoing factual statements are true and correct.
Executed this 30th day of July, 2026.

> By:  \s\  Paul D. Stipanovic
> Paul D. Stipanovic

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2026 a true and correct copy of the above and foregoing was filed with the Court via its ECF System, which will send notification of such filing to all counsel of record who have appeared in this action.

> \s\   Paul D. Stipanovic
> Paul D. Stipanovic